The State of Ohio, Appellee, *v.* Mills, Appellant.
(Two cases.)

[Cite as State v. Mills, 10 Ohio App. 2d 152.]

(Nos. 9680 and 9681—Decided March 6, 1967.)

*Mr. Melvin G. Rueger* and *Mr. Leonard Kirschner,* for appellee.

*Mr. Henry Clay Scott,* for appellant.

Hildebrant, P. J. Appeal in these two criminal cases, consolidated here, is had pursuant to leave to appeal heretofore granted by this court.

Defendant entered guilty pleas to two separate indictments for malicious entry on different dates of the same financial institution.

The court accepts the issue to be as stated in plaintiff's brief, as follows:

"The basic question is whether or not the omission of the word 'malicious' is a fatal defect in an indictment charging entrance into a financial institution with intent to commit a felony."

The statute under which the indictments were returned, Section 2907.14, Revised Code as it existed prior to its amendment effective January 23, 1963, denominated "malicious entry of financial institution," and prior to the effective date of Section 2907.141, Revised Code, read in part as follows:

"No person shall, by day or night, maliciously enter a bank or other financial institution which receives upon deposit or otherwise for safekeeping the moneys or public funds of

individuals or corporations, and attempt to commit or commit a felony with fire-arms or other deadly weapons.''

The language used in each indictment charges that the defendant "did in the day time of said day, enter a certain financial institution, to-wit: Union Savings & Loan Association of Cincinnati, Ohio, and did commit a felony while armed with a pistol, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio.''

This court finds that the omission of the word "malicious" from these indictments renders them insufficient to charge an offense under the statute. It follows that the curative provisions of the Code argued by the prosecutor are inoperative, there being no valid indictment in the first instance for them to operate upon.

Our conclusion herein is based upon the reasoning and authority contained in the opinion of Zimmerman, J., in *State v. Cimpritz*, 158 Ohio St. 490.

The judgment in each case herein is reversed and the cause remanded to the Common Pleas Court for further proceedings in accordance with this opinion.

*Judgments reversed.*

Long and Crawford, JJ., concur.

Crawford, J., of the Second Appellate District, sitting by designation in the First Appellate District.